ACCEPTED
03-14-00737-CV
4701431
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/30/2015 5:44:05 PM
JEFFREY D. KYLE
CLERK

No. 03-14-00737-CV

# In the Third Court of Appeals
# Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
3/30/2015 5:44:05 PM
JEFFREY D. KYLE
Clerk

—————————————

CHASE CARMEN HUNTER
*Appellant*,

v.

DAVID MATTAX AND THE
TEXAS DEPARTMENT OF INSURANCE
*Appellees*.

—————————————

On Appeal from the 250th Judicial District Court
Cause No. D-1-GN-13-001957
Travis County, Texas

_____

## APPELLEES' BRIEF

_____

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General
For Civil Litigation

ROBERT O'KEEFE
Division Chief
Financial Litigation, Tax, and
Charitable Trusts Division

CYNTHIA A. MORALES
Assistant Attorney General
State Bar No. 14417420

Financial Litigation, Tax, and
Charitable Trusts Division

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548
512-475-4470
512-477-2348 (fax)
cynthia.morales@texasattorneygeneral.gov

COUNSEL FOR APPELLEES

# IDENTITY OF PARTIES AND COUNSEL

***Appellant***
Chase Carmen Hunter

***Counsel for Appellant at Trial and on Appeal***
Chase Carmen Hunter, *pro se*
340 S. Lemon Ave #9039
Walnut, CA 91789
Tel: 707-706-3647
Fax 703-997-5999
*chase_hunter@yahoo.com*

***Appellees***
Texas Department of Insurance
Commissioner of Insurance David Mattax

***Counsel for Appellees***
Cynthia A. Morales
State Bar No. 14417420
Assistant Attorney General
Financial Litigation, Tax, and
Charitable Trusts Division
P.O. Box 12548
Austin, Texas 78711-2548
Tel.: 512-475-4470
Fax:  512-477-2348
*cynthia.morales@texasattorneygeneral.gov*

# TABLE OF CONTENTS

Table of Contents ............................................................................................. iii

Index of Authorities ...........................................................................................v

Statement of the Case .................................................................................... vii

Statement Regarding Oral Argument ........................................................... vii

Issues Presented ........................................................................................... viii

Statement of Facts ............................................................................................2

Summary of the Argument.............................................................................7

Argument.........................................................................................................8

I.      Appellant's attempts to seek mandamus relief should not be
        entertained in this direct appeal .......................................................8

II.     Appellant has waived any complaints on appeal due to inadequate
        briefing and no reversible error is shown ......................................11

Prayer ...........................................................................................................17

Certificate of Compliance ...........................................................................18

Certificate of Service ..................................................................................19

**Appendix**

        Order of Dismissal ............................................................................ A

        July 12, 2013 Letter from Clerk .........................................................B

        June 24, 2014 Notice of Court Setting ...............................................C

Texas Rule of Appellate Procedure 38.1 ............................................. D

Texas Rule of Civil Procedure 165a ...................................................... E

Texas Civil Practices and Remedies Code Section 13.001 ................... F

Texas Rule of Appellate Procedure 44.1 ............................................. G

# INDEX OF AUTHORITIES

## Cases

*Bowman v. Burks*,
No. 01-10-000219-CV, 2011 WL 2418475
(Tex. App.—Houston [1st Dist.] ....................................................................9

*Burton v. Hoffman*,
959 S.W.2d 351 (Tex. App.—Austin 1998, no pet. ...............................13, 15

*Enrique v. Livingston,*
400 S.W.3d 610 (Tex. App.—Austin 2013, pet. denied) ............................16

*Hotze v. City of Houston,*
339 S.W.3d 809 (Tex. App.—Austin 2011, no pet.)...................................14

*In re Hearn*,
137 S.W.3d 681 (Tex. App.—San Antonio 2014, orig. proceeding)............10

*In re Kastner,*
No. 14-09-00653-CV, 2009 WL 3401867
(Tex. App.—Houston [14th Dist.] 2009, orig. proceeding) ..............14, 15, 16

*Mansfield State Bank v. Cohn,*
573 S.W.2d 181 (Tex. 1978). ....................................................................12

*Mayad v. Rizk*,
554 S.W.2d 835
(Tex. Civ. App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.) ...................10

*Pinnacle Gas Treating, Inc. v. Read*,
13 S.W.3d 126 (Tex. App.—Waco 2000, no pet.) ........................................9

*Preslar v. Garcia*, No. 03-13-00449-CV, 2014 WL 824201
(Tex. App.—Austin Feb. 26, 2014, no pet.)........................................... 16-17

*Strange v. Continental Cas. Co.*,
126 S.W.3d 676 (Tex. App.—Dallas 2004, pet. denied).  .........................12

## Statutes

TEX. CIV. PRAC. & REM. CODE §13.001 ................................................................................ iv

TEX. CIV. PRAC. & REM. CODE §13.001(a)(1) ....................................... 14, 14-15, 16

TEX. CIV. PRAC. & REM. CODE Ch. 37 ...................................................................... vii

TEX. GOV'T. CODE § 2001.038 ..................................................................................... vii

## Rules

TEX. R. APP. P. 4.1(a) ................................................................................................... 7

TEX. R. APP. P. 20 ......................................................................................................... 7

TEX. R. APP. P. 26.1(a)(3) ....................................................................................... 7, 15

TEX. R. APP. P. 38.1 ................................................................................................ iv, 9

TEX. R. APP. P. 38.1(i) ............................................................... 10, 11, 12, 14, 15

TEX. R. APP. P. 44.1 .................................................................................................... iv

TEX. R. APP. P. 44.1(a). ....................................................................... 12, 14, 15, 16

TEX. R. APP. P. 52.1 ..................................................................................................... 9

TEX. R. CIV. P. 145 ..................................................................................................... 7

TEX. R. CIV. P. 165 a .................................................................................................. iv

TEX. R. CIV. P. 165 a(3) ...................................................................................... 7, 11, 15

TRAVIS COUNTY CIV. DIST. CT. LOC. R. DEFINITION 2 .......................................... 10

TRAVIS COUNTY CIV. DIST. CT. LOC. R. 2.1 ........................................................... 10

TRAVIS COUNTY CIV. DIST. CT. LOC. R. 2. 2 .......................................................... 10

TRAVIS COUNTY CIV. DIST. CT. LOC. R. 2.4 ........................................................... 10

TRAVIS COUNTY CIV. DIST. CT. LOC. R. 2.6 ........................................................... 10

TRAVIS COUNTY LOCAL RULES CHAPTER 8 ........................................................... 5

## STATEMENT OF THE CASE

| | |
|---|---|
| *Nature of the case:* | Petition for Declaratory Judgment suit under Chapter 37 of the Civil Practice and Remedies Code and Section 2001.038 of the Texas Government Code. CR3–70.[1] |
| *Course of Proceedings:* | Appellant sued Appellees challenging certain rules and statutes and an order revoking Appellant's Texas insurance licenses. CR3–70. No service was ever effected on any of the defendants. The trial court signed an order dismissing the case for want of prosecution on August 25, 2014. CR224–32. Appellant filed a motion for reinstatement on September 26, 2015, which was either untimely or overruled by operation of law. CR236–41. |
| *Trial Court's Disposition:* | The trial court dismissed Appellant's petition for want of prosecution. CR224–32. |

## STATEMENT REGARDING ORAL ARGUMENT

Appellees do not believe that oral argument is necessary in this case. However, if the Court schedules oral argument, Appellees request the opportunity to participate.

---

[1] In this brief, the Clerk's Record filed on December 15, 2014 will be referred to as CR and the Clerk's Record filed on February 20, 2015 will be referred to as SuppCR.

## ISSUES PRESENTED (RESTATED)

1.    Appellant's attempts to seek mandamus relief should not be entertained in this direct appeal.

2.    Appellant has waived any complaints on appeal due to inadequate briefing and no reversible error is shown.

No. 03-14-00737-CV

# In the Third Court of Appeals
# Austin, Texas

_____

CHASE CARMEN HUNTER
                                        *Appellant*,
v.
DAVID MATTAX[2] AND
TEXAS DEPARTMENT OF INSURANCE
                                        *Appellees*.

_____

On Appeal from the 250th Judicial District Court
Cause No. D-1-GN-13-001957
Travis County, Texas

_____

## APPELLEES' BRIEF

_____

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Appellant appeals from an order dismissing her case for want of prosecution, but advances no argument nor provides any authority in support of her contention that such order should be reversed. Instead, Appellant complains of the alleged refusal of the district clerk and a former district court judge to perform certain

_____

[2] The underlying case was originally styled Chase Carmen Hunter v. Eleanor Kitzman and the Texas Department of Insurance. Kitzman was sued only in her official capacity. Kitzman was succeeded by Julia Rathgeber, and Appellant amended the case style to add Rathgeber's name, but retained Kitzman's name. Rathgeber has been succeeded by David Mattax, who as the current Commissioner of Insurance is the proper appellee in this appeal along with the Texas Department of Insurance.

1

alleged ministerial duties, and prays this Court to direct the former district court judge to direct the district clerk to perform certain actions. This Court has previously heard and denied such requests for relief in Appellant's mandamus proceeding, *In re Chase Carmen Hunter*, No. 03-13-00468-CV.

To the extent that Appellant is again seeking that this Court direct former Judge Dietz (or his successor) to direct the district clerk to take certain actions, such requests for mandamus relief should not be entertained in this direct appeal. To the extent that Appellant is seeking a reversal of the order of dismissal, Appellant's contentions should be overruled due to inadequate briefing on appeal, or alternatively, overruled because they are without merit and no reversible error is shown.

## STATEMENT OF FACTS

Appellant filed a petition for declaratory judgment against the Texas Department of Insurance and then-Commissioner of Insurance Eleanor Kitzman on June 7, 2013, complaining about an order entered by Commissioner Eleanor Kitzman on May 8, 2013, which revoked Appellant's licenses to sell insurance in Texas. CR3–70.

Along with the petition, Appellant filed a motion to proceed in forma pauperis. CR71–76. The affidavit indicated that Appellant had a total average

monthly income of $2450, including $1600 from rental property, owned real property valued at $335,000, and had total monthly expenses of $2275. CR73–76. A notation appears on the copy of motion in the record, which reads, "Approved with payment plan. 6/18/13." CR71.[3]

On July 11, 2013, Appellant filed a document entitled, "Verified Motion Directly Filed with Judge John K. Dietz for Writ of Mandamus and Prohibition Directed to the Honorable Amalia Rodriguez-Mendoza, Clerk of the District Court of Travis County Texas." CR83–97. In the motion, Appellant requested then-Judge Dietz[4] to enter orders compelling the district clerk to issue citation, effect service on the Defendants, provide without charge all other services provided any other party, and provide Appellant free access to idocket.com or a weekly fax update of the case's status. CR95.

On July 12, 2013, the clerk's office sent a letter to Appellant in this case, asking Appellant to provide a copy of the petition for each party to be attached to the citation and the name and address of each party whom Appellant wished to

---

[3] According to a letter from the district clerk's office included in Appellant's appendix to a subsequent petition for mandamus, which appears in the clerk's record in this case, Ms. Hunter agreed to make $40.00 payments each month beginning on July 11, 2013, to pay for her filing fees. CR204. Appellant asserted in the later petition that the letter was false and she never agreed to pay the filing fee. CR189.

[4] Judge Dietz retired in December 2014, and was succeeded by the Honorable Karen Crump, who currently presides over the 250th District Court.

have served, enclosing an issuance request form to be filed out and returned.[5] *Appendix* B. No response to this letter or any completed issuance request form appears in the record. CR1–262; SuppCR1–10. In a subsequent petition for writ of mandamus in a related case, which appears in the record of this case, Appellant admitted receiving the letter and the issuance request form, but characterized it as "the Clerk's attempt to manipulate the record . . . and to cause confusion." CR110–11.

On July 15, 2013, Appellant filed a petition for writ of mandamus and prohibition and petition for declaratory relief in this Court, in which Appellant sought an order directing the district clerk to undertake the actions that Appellant has requested Judge Dietz to order, and contending that then-Judge Dietz had not scheduled or held any hearings on the motion and refused to act on the motion. CR98; *see In re Chase Carmen Hunter*, No. 03-13-00468-CV, Third Court of Appeals of Texas. The petition for writ of mandamus was denied. CR166–67.

Appellant filed a writ of mandamus (titled as a petition for review) on February 21, 2014, to the Texas Supreme Court seeking that the supreme court direct this Court to grant her requested relief which was denied in Cause No. 03-13-00468-CVG. CR168, 177–204. That petition was denied on March 28, 2014.

---

[5] Appellees have this day requested the district clerk to file a supplemental clerk's record including a copy of this letter.

*In Re Chase Carmen Hunter*, No.14-0136, Supreme Court of Texas, Notice of Denial of Petition for Writ of Mandamus, March 28, 2014 . Appellant then filed a petition for writ of certiorari with the U.S. Supreme Court, seeking review of the Texas Supreme Court's denial of her petition for writ of mandamus. CR233. The U.S. Supreme Court denied Appellant's motion to proceed in forma pauperis and dismissed her petition for writ of certiorari.[6] *Chase Carmen Hunter v. District Court of Travis County*, No. 14-5698, Supreme Court of the United States, Order of October 14, 2014.

No service was ever effected on the defendants in the case below. CR1–262, SuppCR1–10. On June 24, 2014, a notice was sent by the Court that the case would be dismissed for want of prosecution by the Court on its own motion on August 1, 2014 at 1:45 p.m. unless a motion to retain was filed prior to that date, referencing Travis County Local Rules Chapter 8.[7] *Appendix* C. No motion to retain was filed by Appellant, CR1–262, SuppCR1–10, and the case was dismissed for want of prosecution on August 25, 2014. CR224–32.

---

[6] Appellant also filed a federal action against the district clerk in the Western District of Texas which was dismissed for want of prosecution because Appellant failed to pay filing fees after being found not to be indigent. *See Hunter v. Mendoza-Mendoza, et. al*, No. 1-14-cv-00510-LY, Final Judgment. Appellant has appealed the judgment to the Fifth Circuit Court of Appeals. *Hunter v. Mendoza-Mendoza, et. al*, No. 14-50766.

[7] Appellees have this day requested the district clerk to file a supplemental clerk's record including a copy of this notice.

On September 26, 2014, thirty-two days after the dismissal of the case, Appellant filed a document entitled "Verified Motion to Reinstate, Verified Motion to Direct the Clerk of the Court to Provide Services to the Plaintiff, and Verified Motion to Transfer this Case to the Court of Appeals".[8] CR236–41. The district clerk forwarded the motion for reinstatement to this Court as a notice of appeal and an appeal was docketed in the Third Court of Appeals. *Chase Carmen Hunter v. Eleanor Kitzman, Julia Rathgeber, and the Texas Department of Insurance*, No. 03-14-00641-CV, Notice of Appeal docketed on September 29, 2014. Appellant subsequently filed a notice with this Court that she had not filed a notice of appeal and the appellate number was voided. *Chase Carmen Hunter v. Eleanor Kitzman, Julia Rathgeber, and the Texas Department of Insurance*, No. 03-14-00641-CV, Letter from Court of Appeals, dated October 14, 2014.

No hearing was set on Appellant's motion for reinstatement.[9] If the motion had been timely filed on September 24, it would have been overruled by operation

[8] Appellant asserts that she mailed this motion to the trial court on September 22, 2014, under a particular tracking number, and asserts that USPS records indicated that the motion was delivered to the district clerk on September 24, 2014. Appellant's Brief, p. 8. No such records or any other proof of date of mailing appear in the record of this case. CR1–262; SuppCR1–10. Appellant also cites to a portion of her appendix; that portion contains a copy of the motion with a file marked date of September 26, 2014. Appellant's brief, p. 8; Appellant's Appendix pp. 120–125.

[9] Appellant claims that she sent a letter to then-Judge Dietz on October 22, 2014, asking that he set her motion to reinstate for a hearing, along with the motions previously complained-of in her earlier mandamus, and she attaches a purported copy of the letter to her brief. Appellant's Appendix, p. 109. No such letter appears in the clerk's record. CR1–262; SuppCR1–10.

of law on December 8, 2014, and notice of appeal would have been due on Monday, November 24, 2014. *See* Tex. R. Civ. P. 165a(3); Tex. R. App. P. 4.1(a), 26.1(a)(3). Appellant filed a notice of appeal on December 1, 2014,[10] seeking to appeal the August 25, 2014 order of dismissal. CR243. Appellant filed a motion to proceed in forma pauperis on appeal, which was contested by Appellees; after a hearing ordered by this Court before a district court judge, the district court judge sustained Appellees' contest and found that Appellant was not indigent for purposes of Texas Rule of Civil Procedure 145 or Texas Rule of Appellate Procedure 20. SuppCR3–4.

## SUMMARY OF THE ARGUMENT

Appellant's requests for mandamus relief, seeking this Court to direct Judge Dietz to "direct Judge Deitz to direct the Clerk" to take certain actions, and to "direct the [district court] to enter an order that transfers this lawsuit to this Court for adjudication," as well as her requests for attorney's fees and costs are not properly before this Court in this direct appeal and should not be entertained.

---

[10] On its face, the notice of appeal appears to be untimely. However, the record indicates that the Court of Appeals received a copy of the notice of appeal sometime before it was filed in the trial court, sending a letter out on November 24, 2014 indicating that it had received notice of the filing of a notice of appeal in the case. Thus if the motion to reinstate was timely filed, notice of appeal appears to have been timely filed.

7

Any attempted complaint raised by Appellant related to the Order of Dismissal is inadequately briefed and waived on appeal. Moreover, any alleged error would not be a basis for reversal as dismissal of Appellant's action would not be an improper judgment under the record in this case.

## ARGUMENT

### I. Appellant's attempts to seek mandamus relief should not be entertained in this direct appeal.

In her first two issues on appeal, Appellant complains that the District Clerk and former Judge Dietz have failed to perform certain alleged ministerial duties and asks this Court "to direct Judge Dietz to direct the Clerk to (a) issue citations . . .(b) cause service of process upon the defendants . . . (c) provide [Appellant] with all customary services provided any other party without charge, (d) provide [Appellant] with free access to [idocket.com] . . . or send Appellant a weekly statement by facsimile . . . [and direct the trial court] to enter an order that transfers this lawsuit to the [Court of Appeals]." *Appellant's Brief*, pp. 12–15. Appellant also prays for reasonable attorney's fees and costs and asks this Court to order the trial court to transfer her lawsuit to this Court. *Id.* at 15. Essentially, Appellant reurges the same complaints that she raised in her previous mandamus in Court, *In re Chase Carmen Hunter*, No. 03-13-00468-CV, and seeks the same mandamus relief.

8

Mandamuses and direct appeals are two separate types of appellate proceedings, governed by different Rules of Appellate Procedure. *Cf.* Texas Rules of Appellate Procedure 38.1, et. seq. with Rule 52.1, et. seq. This is a direct appeal of the trial court's order of dismissal of August 25, 2014, not a petition for writ of mandamus. Accordingly, Appellant's requests for mandamus relief should not be entertained as part of this direct appeal. *See Pinnacle Gas Treating, Inc. v. Read*, 13 S.W.3d 126, 127 (Tex. App.—Waco 2000, no pet.) (declining to entertain a request for mandamus relief in a direct appeal, noting that a petition for writ of mandamus commences an original proceeding that is governed by different rules than those governing a direct appeal); *see also Bowman v. Burks*, No. 01-10-000219-CV, 2011 WL 2418475, at \*2 , n.1 (Tex. App.—Houston [1st Dist.] May 26, 2011, no pet.) (holding that reviewing court could not consider an attempted appeal as a petition for writ of mandamus).

Moreover, even if such mandamus requests could be entertained in this direct appeal, they are without merit and should be denied. As noted in response to Appellant's previous mandamus petition in this case to this Court, there is no evidence in the record that Appellant filed an actual petition for writ of mandamus against the clerk in the trial court which was not ruled on by the district court judge—instead, she filed a motion seeking such relief—nor is there any evidence

that Appellant complied with the requirements of the Travis County Local Rules to assign her motion to Judge Dietz or set such the matter for a hearing so that it might be ruled on. *See* TRAVIS COUNTY CIV. DIST. CT. LOC. R. Definition 2 ("Central Docket"). LOC. R. 2.1, 2.2, 2.4, 2.6. A party is charged with knowledge of the local rules of the jurisdiction where its case is pending. *Mayad v. Rizk*, 554 S.W.2d 835, 838–39 (Tex. Civ. App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.). Further, if this were a mandamus proceeding, Appellant would be seeking improper relief by not requesting this Court to require Judge Dietz to rule on her motion, but instead asking this Court to "direct Judge Dietz to direct the Clerk" to undertake certain actions. In a mandamus proceeding in which trial court has not ruled on a motion, a reviewing court may require a court to consider and rule the motion, but may not "tell the trial court what ruling it should make." *See In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2014, orig. proceeding). Finally, Appellant's request for attorney's fees and for this Court to order the trial court to transfer her lawsuit to this Court are wholly unsupported by any argument or authority, inadequately briefed, and without merit. Tex. R. App. P. 38.1(i).

Accordingly, appellant's mandamus claims and requested relief are not properly part of this appeal and should not be considered, or in the alternative, should be denied.

**II.    Appellant has waived any complaints on appeal due to inadequate briefing and has failed to establish any reversible error.**

Although Appellant has appealed the trial court's action in dismissing her petition for want of prosecution, Appellant does not set out any issues, arguments, or authorities discussing how the trial court erred in dismissing her petition. Her sole challenge to the order of dismissal, apart from her request that it be reversed, is a single sentence alleging that "the record proves that Hunter's lawsuit was stalled only because the Clerk and Judge Dietz refused to perform ministerial duties." *Appellant's Brief*, p. 8. Appellant raises an issue complaining that the trial court failed to hold a hearing on her motion for reinstatement as required by Texas Rule of Civil Procedure 165a(3), *Appellant's Brief*, p. 10, but presents no arguments or authorities in support of this assertion of error, and does not request a remand for such a hearing. Appellant further alleges that the district clerk and Judge Dietz deprived her of her rights under the Due Process Clause of the U.S. Constitution and her "human right[s]", but does not support these allegations with appropriate arguments, authorities or citations to the record. *Appellant's Brief*, pp. 10–11.

All of Appellant's attempted complaints have all been waived due to inadequate briefing. Tex. R. App. P. 38.1(i). Additionally, to the extent that any arguments have not been waived, no reversible error is shown as on this record as

11

it cannot be concluded that any complained-of errors probably caused the rendition of an improper judgment or prevented Appellant from presenting her case on appeal. Tex. R. App. P. 44.1(a).

An appellant's brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and the record. Tex. R. App. P. 38.1(i). Pro se litigants are "held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure." *Strange v. Continental Cas. Co.*, 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied). "An issue on appeal unsupported by argument or citation to any legal authority presents nothing for the court to review," and a reviewing court "cannot speculate as to the substance of the specific issues [an] appellant claims [the court] must address." *Id.* at 678. Pro se litigants "must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel." *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978).

## A.     The trial court's order of dismissal

To the extent that Appellant is attempting to raise any issues regarding the trial court's dismissal of her case for want of prosecution, such issues are inadequately briefed and should be overruled. *See* Tex. R. App. P. 38.1(i).

12

Appellant does not discuss the relevant standard of review or explain how the trial court erred in light of such standard and in light of the record of this case at the time of the dismissal, which establishes that: (1) this case was pending for fourteen months without any service being effected or any hearings set; (2) Appellant had not tendered any issuance request form requesting service to the district clerk nor made any request under the local rules that any hearing be set; and (3) Appellant failed to timely file a motion to retain the case when noticed that the case would be dismissed for want of prosecution. CR3; CR224–32; CR1-262; SuppCR1-10.

Even if this complaint is not waived for inadequate briefing, Appellant has not established that the trial court abused its discretion in dismissing her petition for want of prosecution. *See Burton v. Hoffman*, 959 S.W.2d 351, 353 (Tex. App.—Austin 1998, no pet.) (setting out abuse of discretion standard). Appellant apparently attempts to argue that the clerk and the district judge are to blame for the failure of service to be effected and the case to be prosecuted. *Appellant's Brief*, pp. 10–11. Such arguments ignore Appellant's own procedural failures, which themselves justify the trial court's dismissal for want of prosecution, and are premised on Appellant's erroneous assertion that she is indigent; an assertion which has been found to be false, as evidenced by the trial court's finding of February 19, 2015. SuppCR3–4. Moreover, in light of such finding, any error in

13

dismissing Appellant's petition for want of prosecution would not be subject to reversal on appeal, as the trial court could have properly dismissed her action, either before or after service of process, under Civil Practice and Remedies Code section 13.001(a)(1). *See* Tex. R. App. P. 44.1(a); Tex. Civ. Prac. & Rem. Code §13.001(a)(1); *In re Kastner*, No. 14-09-00653-CV, 2009 WL 3401867, at *2 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding) (noting that when a trial court has sustained a contest to an affidavit of indigence, the court typically dismisses the case under section 13.001).

## B. Due process and human rights

Similarly, Appellant's passing references to due process and human rights violations, if meant to raise an issue on appeal, are insufficiently briefed and should be overruled, as Appellant fails to set out how the complained-of actions deprived her of due process, particularly in light of the record in this case, and her two cited cases do not support any due process complaint regarding the clerk's or judge's actions or inactions. *See* Tex. R. App. P. 38.1(i); *Hotze v. City of Houston*, 339 S.W.3d 809, 818–19 (Tex. App.—Austin 2011, no pet.). Furthermore, as argued *supra*, any error by the district clerk or district judge is not reversible error in this case, as Appellant's petition is properly subject to dismissal under Tex. Civ. Prac. & Rem. Code section 13.001(a)(1). Tex. Civ. Prac. & Rem. Code

14

§13.001(a)(1); Tex. R. App. P. 44.1(a); *In re Kastner*, No. 14-09-00653-CV, 2009 WL 3401867, at *2.

### C. The absence of a hearing on Appellant's motion to reinstate

Finally, Appellant's complaint that the trial court failed to set a hearing on her motion to reinstate is also not supported by any arguments, discussion, or appropriate citations to the record or authorities, and so is waived for inadequate briefing. Tex. R. App. P. 38.1(i). Even if not so waived, and assuming, without conceding, that Appellant actually mailed her motion to reinstate on or prior to September 24, 2014, which would render it timely,[11] the trial court had no notice of the date of mailing and therefore had no reason to believe that the file-marked date of September 26, 2014 was not accurate, thus rendering the court without any jurisdiction to take any action at all on the motion. *See* Tex. R. Civ. Proc. 165a(3). Under such circumstances, the trial court would not have abused its discretion in failing to hold a hearing. *See* Tex. R. Civ. Proc. 165a(3) (requiring that motion to reinstate be filed within 30 days of date of dismissal); *Burton*, 959 S.W.2d at 354 (setting out abuse of discretion standard for trial court rulings on motions to

---

[11] Without proof of timely mailing, it is questionable whether this Court even has jurisdiction over this appeal. If the motion to reinstate was not timely mailed, then the trial court's jurisdiction expired on September 24, 2014, and the notice of appeal would have been due by October 24, 2014. *See* Tex. R. Civ. Proc. 165a(3); Tex. R. App. P. 26.1(a)(3). If the motion to reinstate was timely mailed, the notice of appeal would have been due by November 23, 2014. Tex. R. App. P. 26.1(a)(3).

reinstate); *but see Enrique v. Livingston*, 400 S.W.3d 610, 620–22 (Tex. App.—Austin 2013, pet. denied) (involving prisoner mailbox rule and holding that in light of evidence in the record that inmate had timely delivered motion to jail officials for mailing, trial court was required to hold oral hearing on motion to reinstate).

Even if the motion was timely and the trial court was aware of its timeliness, any failure to set a hearing would be harmless, as Appellant's only argument in support of reinstatement was her claim that the district clerk was to blame for Appellant's failure to prosecute her case. CR 236–41. As noted above, this argument is not supported by the record. Thus no reversible error is shown because Appellant's motion was not supported by the record and the court would have properly overruled it, and because Appellant's case is properly subject to dismissal in any event under Civil Practice and Remedies Code section 13.001(a)(1). *See* Tex. R. App. P. 44.1(a); Tex. Civ. Prac. & Rem. Code §13.001(a)(1); *In re Kastner*, No. 14-09-00653-CV, 2009 WL 3401867, at *2; *Preslar v. Garcia*, No. 03-13-00449-CV, 2014 WL 824201, at *3–4 (Tex. App.—Austin Feb. 26, 2014, no pet.) (affirming dismissal for want of prosecution where, based on appellate record, reviewing court could not conclude that the failure to hold a hearing on appellant's motion to reinstate probably caused the rendition of

an improper verdict or prevented appellant from properly presenting her case on appeal).

## D. Conclusion

All of Appellant's attempted issues should be overruled. Any issues that have not been waived due to inadequate briefing are not supported by the record or applicable law and do not demonstrate any reversible error.

## PRAYER

For the reasons stated above, the Court should not entertain Appellant's requests for mandamus relief raised in this direct appeal, or in the alternative, deny such requested relief, and affirm the trial court's order of dismissal for want of prosecution.

Respectfully submitted,

KEN PAXTON
Attorney General

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

ROBERT O'KEEFE
Division Chief
Financial Litigation, Tax, and
Charitable Trusts Division

17

/s/ Cynthia A. Morales

CYNTHIA A. MORALES
Attorney in Charge
State Bar No. 14417420

Financial Litigation, Tax, and
Charitable Trusts Division
P.O. Box 12548
Austin, Texas 78711-2548
512-475-4470
512-477-2348 (fax)
cynthia.morales@texasattorneygeneral.gov
ATTORNEYS FOR APPELLEES
DAVID MATTAX AND THE TEXAS DEPARTMENT
OF INSURANCE

## CERTIFICATE OF COMPLIANCE

In compliance with Texas Rule of Appellate Procedure 9.4(i)(2), this brief contains 3435 words, excluding the portions of the brief exempted by Rule 9.4(i)(1).

/s/ Cynthia A. Morales

Cynthia A. Morales
Assistant Attorney General

# CERTIFICATE OF SERVICE

On March 30, 2015, this Appellees' Brief was served via email and fax to:

Chase Carmen Hunter
340 S. Lemon Ave., #9039
Walnut, CA 91789
Fax 703-997-5999
chase_hunter@yahoo.com

   /s/ Cynthia A. Morales    
Cynthia A. Morales
Assistant Attorney General

## APPENDIX

Order of Dismissal ..............................................................................A

July 12, 2013 Letter from Clerk ........................................................B

June 24, 2014 Notice of Court Setting .............................................C

Texas Rule of Appellate Procedure 38.1 ..........................................D

Texas Rule of Civil Procedure 165a...................................................E

Texas Civil Practices and Remedies Code Section 13.001 ................F

Texas Rule of Appellate Procedure 44.1 ..........................................G

# APPENDIX A

# ORDER OF DISMISSAL
## FROM THE DISTRICT COURTS OF TRAVIS COUNTY, TEXAS

| | |
|---|---|
| D-1-AG-13-000622 | IN RE WASHINGTON |
| D-1-AG-13-000625 | OAG VS LAMB |
| D-1-AG-13-000822 | IN RE CASTILLO |
| D-1-AG-13-000872 | IN RE ALLEN |
| D-1-AG-13-001056 | IN RE CASTANEDA |
| D-1-AG-13-001160 | IN RE GIBSON |
| D-1-FM-13-000567 | IN RE LUEDKE |
| D-1-FM-13-000576 | IMM BAGGETT |
| D-1-FM-13-000579 | IMM JARVIS |
| D-1-FM-13-000603 | IMM SENEVONGSA |
| D-1-FM-13-000627 | IMM VELASQUEZ |
| D-1-FM-13-000641 | IMM MENDEZ |
| D-1-FM-13-000675 | IMM ANDERSON |
| D-1-FM-13-000679 | IMM PICKENS |
| D-1-FM-13-000692 | IN RE LIU |
| D-1-FM-13-000694 | IMM BREAZEALE |
| D-1-FM-13-000701 | IMM MATA |
| D-1-FM-13-000738 | IMM SIMS |
| D-1-FM-13-000751 | IMM RASBERRY |
| D-1-FM-13-000767 | IMM ALVAREZ |
| D-1-FM-13-000774 | IMM WEHNER |
| D-1-FM-13-000799 | IMM ALEGRIA |
| D-1-FM-13-000806 | IMM LANKRI |
| D-1-FM-13-000816 | IMM NELSON |
| D-1-FM-13-000819 | IMM BROWN |
| D-1-FM-13-000828 | IMM LOZANO |
| D-1-FM-13-000843 | IMM GARCIA |
| D-1-FM-13-000858 | IMM SEINERA |
| D-1-FM-13-000902 | IMM BORJON |
| D-1-FM-13-000909 | IN RE GUAJARDO |
| D-1-FM-13-000912 | IMM WEDGEWORTH |
| D-1-FM-13-000945 | IMM PEREZ |
| D-1-FM-13-000947 | IMM QUAY |
| D-1-FM-13-000956 | IMM POWELL-KEPLAR |
| D-1-FM-13-000961 | IN RE CHAN |
| D-1-FM-13-000962 | IN RE RODRIGUEZ |
| D-1-FM-13-000985 | IN RE SOBIN |
| D-1-FM-13-001003 | IN RE GALVAN |
| D-1-FM-13-001009 | IMM ELIZONDO |
| D-1-FM-13-001011 | IN RE MILLER |
| D-1-FM-13-001024 | IMM RUIZ |
| D-1-FM-13-001029 | IMM MCDONALD |
| D-1-FM-13-001032 | ITIO MURPHEY |
| D-1-FM-13-001033 | IMM MANZANO |
| D-1-FM-13-001034 | IMM SHUMAN |
| D-1-FM-13-001050 | IMM ST JOHN |
| D-1-FM-13-001052 | IMM LOPEZ |
| D-1-FM-13-001057 | IMM ALFRED |
| D-1-FM-13-001103 | IMM VARELA |
| D-1-FM-13-001105 | IMM HRUBY |
| D-1-FM-13-001116 | IMM MERIWETHER |
| D-1-FM-13-001123 | MELTON |
| D-1-FM-13-001128 | IN RE O'BRIEN |
| D-1-FM-13-001159 | IN RE BLANCO BUSTAMANTE |
| D-1-FM-13-001163 | IN RE OCHOA |
| D-1-FM-13-001167 | IMM DELGADO24 |

# ORDER OF DISMISSAL
## FROM THE DISTRICT COURTS OF TRAVIS COUNTY, TEXAS

| | |
|---|---|
| D-1-FM-13-001168 | IMM MATIAS |
| D-1-FM-13-001173 | IMM MOORE |
| D-1-FM-13-001178 | IMM CANFIELD |
| D-1-FM-13-001191 | IN RE BELL |
| D-1-FM-13-001198 | IN RE NGUYEN |
| D-1-FM-13-001210 | IMM MOJICA |
| D-1-FM-13-001218 | IMM BUCIO |
| D-1-FM-13-001219 | IMM YANEZ |
| D-1-FM-13-001239 | IMM PEREZ |
| D-1-FM-13-001272 | IMM LOVINGS |
| D-1-FM-13-001282 | IMM ALMANZA |
| D-1-FM-13-001299 | IMM YBARRA |
| D-1-FM-13-001324 | IN RE ARANA |
| D-1-FM-13-001330 | IN RE RIVERA |
| D-1-FM-13-001337 | IN RE MINOR CHILD |
| D-1-FM-13-001338 | IMM HARRIS |
| D-1-FM-13-001350 | IMM MALDONADO |
| D-1-FM-13-001379 | IN RE MITCHELL |
| D-1-FM-13-001381 | IMM GOMEZ |
| D-1-FM-13-001387 | IMM WHITMAN |
| D-1-FM-13-001398 | IMM MCCRANIE |
| D-1-FM-13-001406 | IMM SHOEMAKER |
| D-1-FM-13-001417 | IMM FISHER |
| D-1-FM-13-001421 | IMM LAVRAR |
| D-1-FM-13-001432 | IMM LEE |
| D-1-FM-13-001436 | IMM TUMARINSON |
| D-1-FM-13-001443 | CANTU |
| D-1-FM-13-001455 | IN RE PADRON PONCE |
| D-1-FM-13-001466 | IMM BARNES |
| D-1-FM-13-001467 | IMM CASTO |
| D-1-FM-13-001468 | IMM HERNANDEZ |
| D-1-FM-13-001481 | IMM TAYE |
| D-1-FM-13-001488 | IN RE NOONSAB |
| D-1-FM-13-001492 | IN RE A CHILD |
| D-1-FM-13-001495 | IN RE MALDONADO HERNANDEZ |
| D-1-FM-13-001502 | IMM PRAVIA |
| D-1-FM-13-001503 | IN RE ROBERSON |
| D-1-FM-13-001522 | IMM DOLO |
| D-1-FM-13-001523 | IMM RIVERA |
| D-1-FM-13-001538 | IMM CLEM |
| D-1-FM-13-001543 | IMM VANDERWILT |
| D-1-FM-13-001553 | IMM MOREHOUSE |
| D-1-FM-13-001560 | IN RE WALLACE |
| D-1-FM-13-001569 | IMM KRYZANOWSKI |
| D-1-FM-13-001572 | IMM ESPINOZA |
| D-1-FM-13-001587 | IN RE WILLIAMS |
| D-1-FM-13-001589 | IMM MURILLO |
| D-1-FM-13-001596 | ITIO TURNER |
| D-1-FM-13-001617 | IMM RIVERA |
| D-1-FM-13-001623 | IMM IZUORA |
| D-1-FM-13-001630 | IMM WILLIAMS |
| D-1-FM-13-001638 | IN RE FLORES |
| D-1-FM-13-001647 | IMM POFF |
| D-1-FM-13-001670 | IMM DELRIO |
| D-1-FM-13-001675 | IMM JARAMILLO |
| D-1-FM-13-001687 | IIM ALDANA |
| D-1-FM-13-001706 | IMM ROSS |

# ORDER OF DISMISSAL
## FROM THE DISTRICT COURTS OF TRAVIS COUNTY, TEXAS

| | |
|---|---|
| D-1-FM-13-001709 | IMM PROZZI |
| D-1-FM-13-001710 | IMM ARZATE |
| D-1-FM-13-001726 | IMM TENORIO |
| D-1-FM-13-001734 | IMM LYNCH |
| D-1-FM-13-001737 | IMM MANNING |
| D-1-FM-13-001745 | IN RE CHILDREN |
| D-1-FM-13-001763 | IMM VELA |
| D-1-FM-13-001774 | IMM CASTRO |
| D-1-FM-13-001786 | IMM PHAN |
| D-1-FM-13-001790 | IN RE GRAVES |
| D-1-FM-13-001804 | IN RE FROMBERG |
| D-1-FM-13-001815 | IMM GREENBERG |
| D-1-FM-13-001825 | IMM ACEVEDO |
| D-1-FM-13-001837 | IMM RAMIREZ |
| D-1-FM-13-001867 | IN RE KELLY |
| D-1-FM-13-001885 | IMM FLORES |
| D-1-FM-13-001922 | IMM Z |
| D-1-FM-13-001927 | IMM RAMOS |
| D-1-FM-13-001928 | IMM CAVANAUGH |
| D-1-FM-13-001929 | IMM BERRY |
| D-1-FM-13-001932 | IN RE GRUBBS |
| D-1-FM-13-001944 | IMM ALAMILLA |
| D-1-FM-13-001946 | IMM VALDES |
| D-1-FM-13-001947 | IMM REEVES CAVALIERO |
| D-1-FM-13-001978 | IN RE A CHILD |
| D-1-FM-13-002007 | IMM GONZALEZ RODRIGUEZ |
| D-1-FM-13-002041 | IMM ANDRE |
| D-1-FM-13-002053 | IMM ISRAEL |
| D-1-FM-13-002067 | IMM MACIAS |
| D-1-FM-13-002084 | IMM ROBINSON |
| D-1-FM-13-002095 | IN RE MEJIA-ZAVALA |
| D-1-FM-13-002100 | IMM JONES |
| D-1-FM-13-002109 | IMM PALACIOS |
| D-1-FM-13-002145 | IMM ALDAYA |
| D-1-FM-13-002172 | IMM DAVILA |
| D-1-FM-13-002185 | IN RE GOMEZ-MARTINEZ |
| D-1-FM-13-002189 | IMM GARCIA |
| D-1-FM-13-002207 | IMM HUNTER |
| D-1-FM-13-002214 | IMM NIX |
| D-1-FM-13-002230 | IMM GONZALEZ |
| D-1-FM-13-002265 | IMM CAWTHON |
| D-1-FM-13-002272 | IMM PRICE |
| D-1-FM-13-002281 | IMM AGRAWAL |
| D-1-FM-13-002306 | IMM ELLIS |
| D-1-FM-13-002324 | IMM SUAREZ-LOPEZ |
| D-1-FM-13-002357 | IMM RIOS |
| D-1-FM-13-002358 | IMM RODEWALD |
| D-1-FM-13-002364 | IMM LAM |
| D-1-FM-13-002373 | IMM BOGHICI |
| D-1-FM-13-002376 | IMM FINNEY |
| D-1-FM-13-002385 | IMM CAZARES OLIVO |
| D-1-FM-13-002403 | IN RE G |
| D-1-FM-13-002429 | IN RE KRAUS |
| D-1-FM-13-002436 | IMM DIAMOND |
| D-1-FM-13-002445 | IMM DE LA CRUZ VEGA |
| D-1-FM-13-002447 | IN RE CENTENO HERNANDEZ |
| D-1-FM-13-002448 | IMM KEEFER 226 |

# ORDER OF DISMISSAL
## FROM THE DISTRICT COURTS OF TRAVIS COUNTY, TEXAS

| | |
|---|---|
| D-1-FM-13-002456 | IMM NORTHINGTON |
| D-1-FM-13-002468 | IMM ANDERSON |
| D-1-FM-13-002469 | IMM NAVARRO |
| D-1-FM-13-002470 | IN RE MENDEZ |
| D-1-FM-13-002474 | IMM OWENS |
| D-1-FM-13-002489 | IMM GARCIA |
| D-1-FM-13-002502 | IMM DRABENT |
| D-1-FM-13-002514 | IMM HOFF |
| D-1-FM-13-002522 | IMM GARCIA |
| D-1-FM-13-002523 | IN RE VAN WINKLE |
| D-1-FM-13-002524 | IMM MURPHY |
| D-1-FM-13-002549 | IMM HUBBARD |
| D-1-FM-13-002563 | IMM MILES |
| D-1-FM-13-002564 | IMM GALARZA |
| D-1-FM-13-002569 | IMM EDWARDS |
| D-1-FM-13-002570 | IN RE NEWTON |
| D-1-FM-13-002580 | IMM LOERA-DIAZ |
| D-1-FM-13-002602 | IMM ARGUETA |
| D-1-FM-13-002618 | IMM SHRUM |
| D-1-FM-13-002620 | IN RE CORRAL |
| D-1-FM-13-002634 | IMM ROBINSON |
| D-1-FM-13-002651 | IMM BROWN |
| D-1-FM-13-002652 | IMM HERNANDEZ |
| D-1-FM-13-002709 | ITIO NELUFAR DIANNA RADPOUR |
| D-1-FM-13-002734 | IMM HAMJE |
| D-1-FM-13-002744 | IMM GAGE |
| D-1-FM-13-002762 | IMM DWARKA |
| D-1-FM-13-002764 | IN RE STEVEN |
| D-1-FM-13-002790 | IMM ARZOLA |
| D-1-FM-13-002798 | IMM MCDONALD |
| D-1-FM-13-002800 | IMM GARZA |
| D-1-FM-13-002810 | IMM MILLER |
| D-1-FM-13-002817 | IMM LEAL |
| D-1-FM-13-002832 | IMM DEPAZ |
| D-1-FM-13-002834 | IMM HARDING |
| D-1-FM-13-002843 | IMM PRESLEY |
| D-1-FM-13-002849 | IMM MILLER |
| D-1-FM-13-002857 | IN RE SERNA |
| D-1-FM-13-002859 | IMM GAUNA |
| D-1-FM-13-002868 | IMM JAIMES |
| D-1-FM-13-002883 | IMM CARTER |
| D-1-FM-13-002910 | IN RE ZAMORA |
| D-1-FM-13-002926 | IMM RODRIGUEZ |
| D-1-FM-13-002933 | IMM WAGNOR |
| D-1-FM-13-002946 | IMM ACITELLI |
| D-1-FM-13-002956 | IMM ESPARZA |
| D-1-FM-13-002977 | IMM ALEMAN |
| D-1-FM-13-002978 | IMM CHAVEZ |
| D-1-FM-13-002980 | IN RE CRUZ |
| D-1-FM-13-002982 | IMM URQUIA |
| D-1-FM-13-002983 | IN RE NGUYEN |
| D-1-FM-13-002985 | IMM ALLEN |
| D-1-FM-13-003005 | IN RE THOMPSON |
| D-1-FM-13-003026 | IMM MONROE |
| D-1-FM-13-003053 | IN RE HORTON |
| D-1-FM-13-003058 | IN RE A CHILD |
| D-1-FM-13-003064 | IMM MALANGALILA |

# ORDER OF DISMISSAL
## FROM THE DISTRICT COURTS OF TRAVIS COUNTY, TEXAS

| | |
|---|---|
| D-1-FM-13-003066 | IMM CURTIS |
| D-1-FM-13-003084 | IMM CONWELL |
| D-1-FM-13-003087 | IMM MORALES |
| D-1-FM-13-003117 | IMM RENZ |
| D-1-FM-13-003128 | IMM QUIROGA |
| D-1-FM-13-003136 | IMM KING |
| D-1-FM-13-003140 | IN RE ALVARADO |
| D-1-FM-13-003143 | IMM LEAL |
| D-1-FM-13-003161 | IN RE RODRIGUEZ |
| D-1-FM-13-003163 | IN RE BOUTIN |
| D-1-FM-13-003175 | IMM BUENO-CHAVEZ |
| D-1-FM-13-003177 | IMM CUNNINGHAM |
| D-1-FM-13-003179 | IN RE A CHILD |
| D-1-FM-13-003185 | IMM KOONCE |
| D-1-FM-13-003197 | IMM DIAZ |
| D-1-FM-13-003203 | IMM GAUNA |
| D-1-FM-13-003223 | IMM BUSH |
| D-1-FM-13-003264 | IN RE JUAREZ |
| D-1-FM-13-003274 | IMM NUNEZ |
| D-1-FM-13-003299 | IMM CARTER |
| D-1-FM-13-003312 | IMM MATA |
| D-1-FM-13-003313 | IN RE JOHNSON |
| D-1-FM-13-003314 | IMM LANG |
| D-1-FM-13-003335 | IMM PETERSON |
| D-1-FM-13-003338 | IMM TANNER |
| D-1-FM-13-003348 | IMM ARELLANO |
| D-1-FM-13-003363 | IN RE RIVERA |
| D-1-FM-13-003375 | IMM CHAMBERS |
| D-1-FM-13-003383 | IMM AHMADI |
| D-1-FM-13-003410 | IN RE A CHILD |
| D-1-FM-13-003411 | IMM MARTINEZ |
| D-1-FM-13-003421 | IMM HERRERA |
| D-1-FM-13-003437 | IN RE FREEMAN |
| D-1-FM-13-003438 | IN RE A CHILD |
| D-1-FM-13-003470 | IMM ARTEAGA |
| D-1-FM-13-003472 | IMM ALONZO |
| D-1-FM-13-003483 | IMM CROSS |
| D-1-FM-13-003484 | IMM RIVERA |
| D-1-FM-13-003497 | IMM CASTRO JOSE |
| D-1-FM-13-003500 | IMM MURPHY |
| D-1-FM-13-003501 | IMM MCKINNEY |
| D-1-FM-13-003531 | IMM JACKSON |
| D-1-FM-13-003535 | ITIO ALEXANDER AQUILE MEJIA |
| D-1-FM-13-003569 | IMM BILLINS |
| D-1-FM-13-003584 | IMM ARREDONDO |
| D-1-FM-13-003588 | IMM ESCOBAR |
| D-1-FM-13-003605 | IMM VILLALBA |
| D-1-FM-13-003617 | IN RE APOLINAR |
| D-1-FM-13-003632 | IN RE AN |
| D-1-FM-13-003634 | IN RE UNBORN CHILD |
| D-1-FM-13-003654 | IMM HALE |
| D-1-GN-13-000378 | TARGET NATIONAL BANK VS HINOJO |
| D-1-GN-13-000387 | AAA VS CHARLTON |
| D-1-GN-13-000399 | WARREN B BAKER VS SOUTH CROSS |
| D-1-GN-13-000426 | BROOKFIELD V SHEPHERD |
| D-1-GN-13-000435 | BROOKFIELD OWNERS VS OROZCO |
| D-1-GN-13-000439 | BROOKFIELD ASSO VS WALTER BROW |

## O R D E R  O F  D I S M I S S A L
### FROM THE DISTRICT COURTS OF TRAVIS COUNTY, TEXAS

| | |
|---|---|
| D-1-GN-13-000446 | BROOKFIELD V HUERTA |
| D-1-GN-13-000453 | BROOKFIELD OWNERS VS CARILLO |
| D-1-GN-13-000454 | BROOKFIELD OWNERS VS RODRIGUEZ |
| D-1-GN-13-000472 | IN RE: ROBERT WAYNE FAULK |
| D-1-GN-13-000485 | E JIM MAR VS DELL INC |
| D-1-GN-13-000492 | TARGET NATIONAL BANK V LEWIS |
| D-1-GN-13-000494 | LONI GIRDLER VS ST DAVIDS |
| D-1-GN-13-000495 | TARGET NATIONAL V POSTON |
| D-1-GN-13-000509 | LEROY SIMMONS JR VS TEXAS HEAL |
| D-1-GN-13-000514 | ZACHARY BALL VS JASON T MARTIN |
| D-1-GN-13-000516 | PROGRESSIVE COUNTY VS STALIK |
| D-1-GN-13-000520 | FRANK HILL VS JOHN BUTLER |
| D-1-GN-13-000522 | MARIA MANZANARES VS HUSKEY |
| D-1-GN-13-000524 | BARBER VS STEEL CITY INC |
| D-1-GN-13-000526 | EMERSON V THALER |
| D-1-GN-13-000528 | HARTMAN VS CLAWSON |
| D-1-GN-13-000529 | NAVISTAR FINANCIAL V CORNELL |
| D-1-GN-13-000549 | AMERICAN EXPRESS VS HETRICK |
| D-1-GN-13-000565 | TINKER V BARTON |
| D-1-GN-13-000575 | ROSS QUADE VS JOSEPH GRINGERI |
| D-1-GN-13-000576 | DARELL FABING VS CUTTING EDGE |
| D-1-GN-13-000585 | ROBERT FINLEY VS C MILAM |
| D-1-GN-13-000590 | WILLARD VS LEHMAN |
| D-1-GN-13-000620 | CARSON V TULLIS |
| D-1-GN-13-000644 | VILLAGES VS. DITUCCI |
| D-1-GN-13-000647 | EX PARTE: JAVIER HERNANDEZ |
| D-1-GN-13-000650 | VOLUSION INC VS JUSTIN MANNING |
| D-1-GN-13-000663 | AMERICAN EXPRESS V AMERICAN PR |
| D-1-GN-13-000684 | PARKWAY GARDEN V IZADI |
| D-1-GN-13-000697 | AUSTIN ENGINEERING V LAZY NINE |
| D-1-GN-13-000699 | DONALD HULL VS STATE OF TEXAS |
| D-1-GN-13-000701 | KEN ODEN VS GUTHRIE LUMBER |
| D-1-GN-13-000703 | MEDSTAR FUNDING V KEMCO |
| D-1-GN-13-000714 | GLOBALSTAR V THOMAS |
| D-1-GN-13-000722 | HOMEWARD RSIDENTIAL VS WRIGHT |
| D-1-GN-13-000730 | GREEN TREE SERVICING VS HADNOT |
| D-1-GN-13-000732 | FRANCE OUELLET VS AMICA MUTUAL |
| D-1-GN-13-000754 | LOS JARDINES VS. VIRUEGAS |
| D-1-GN-13-000780 | THERIOT VS. COMANCHE CANYON |
| D-1-GN-13-000801 | BIERWIRTH VS. TIB |
| D-1-GN-13-000803 | IN RE A PURPORTED LIEN OR CLAI |
| D-1-GN-13-000804 | IN RE A PURPORTED LIEN OR CLAI |
| D-1-GN-13-000812 | FRIAR V CARTER |
| D-1-GN-13-000822 | TAYLOR V TEXAS WINDSTORM |
| D-1-GN-13-000841 | PEAK ACCEPTANCE VS GRAMERCY |
| D-1-GN-13-000846 | BRISENO V CHASAN |
| D-1-GN-13-000851 | MEDSTAR FUNDING VS MARQUEZ |
| D-1-GN-13-000852 | THE HARTFORD VS GUEVARA |
| D-1-GN-13-000860 | CATALYSTS LLC VS URIBES |
| D-1-GN-13-000865 | KATENELL LLC VS MARTINEZ |
| D-1-GN-13-000868 | SSBD INC VS AUSTIN DOORMAN LLC |
| D-1-GN-13-000883 | BORDONARO VS GIGAPHOTON |
| D-1-GN-13-000884 | CAIRNS VS HOPKINS |
| D-1-GN-13-000893 | SHAWN CARDEN VS ARM INSIGHT IN |
| D-1-GN-13-000894 | NATIONSTAR V WILLIAMS |
| D-1-GN-13-000900 | HICKMAN V VEGA |
| D-1-GN-13-000917 | TINNIN V PALMER |

# ORDER OF DISMISSAL
## FROM THE DISTRICT COURTS OF TRAVIS COUNTY, TEXAS

| | |
|---|---|
| D-1-GN-13-000919 | BRANT VS PECKHAM |
| D-1-GN-13-000924 | IN RE PETITION OF MASHERY INC |
| D-1-GN-13-000929 | VIDAL MARTINEZ VS PROGRESSIVE |
| D-1-GN-13-000937 | AMERICAN EXPRESS V GETZ |
| D-1-GN-13-000942 | MIGUEL GARCIA VS SOUTHERN INS |
| D-1-GN-13-000950 | FUNEZ V KELLAS |
| D-1-GN-13-000957 | IN INTEREST OF SOPHIA GERRY |
| D-1-GN-13-000971 | CORRY MORROW BAND V RD & COMPA |
| D-1-GN-13-000972 | MARLOW V NASH |
| D-1-GN-13-000981 | GE CAPITAL VS SUE FOSTER |
| D-1-GN-13-000997 | METRO UTILITY VS ALBA ET AL |
| D-1-GN-13-001002 | DENMAN VS DOE, ET AL |
| D-1-GN-13-001010 | JUDD VS SECRETARY, ET AL |
| D-1-GN-13-001021 | TX DEPT OF LICENSING V CANTU |
| D-1-GN-13-001063 | MEDSTAR FUNDING VS ROBLEDO |
| D-1-GN-13-001072 | REEDER V ST DAVIDS MEDICAL |
| D-1-GN-13-001077 | WELLS FARGO V HILL |
| D-1-GN-13-001080 | DISCOVER BANK VS JOSEPH B GRES |
| D-1-GN-13-001093 | GE CAPITAL RETAIL VS F BROWN |
| D-1-GN-13-001098 | EX PARTE VICTOR FOREST DAVIDSO |
| D-1-GN-13-001099 | RICHARDO CRUZ AEDO VS HOMEWISE |
| D-1-GN-13-001100 | CAVAZOS V HOMEWISE PREFERRED |
| D-1-GN-13-001101 | DELGADO V TEXAS PROPERTY AND C |
| D-1-GN-13-001102 | ROBLEDO VS HOMEWISE PREFERRED |
| D-1-GN-13-001107 | PROGRESSIVE COUNTY V NIETO-ROS |
| D-1-GN-13-001108 | BEACON VS SWAIM |
| D-1-GN-13-001126 | HARPER V CITY OF AUSTIN |
| D-1-GN-13-001166 | IN RE TEXAS APARTMENT SOLUTION |
| D-1-GN-13-001204 | SUNCOAST VS DAVID AERNETHY |
| D-1-GN-13-001217 | TOM JONES HOMES VS CITY AUSTIN |
| D-1-GN-13-001218 | WELLS FARGO VS SCOTT |
| D-1-GN-13-001221 | IN THE MATTER OF WILLIS |
| D-1-GN-13-001223 | GAGNON VS ALVIN J COON JR DDS |
| D-1-GN-13-001242 | DEEDS V HARBOR FREIGHT TOOLS |
| D-1-GN-13-001247 | MALIBU LLC VS RUSSELL HOLT |
| D-1-GN-13-001264 | CAMILLE SMITH VS ST. DAVIDS |
| D-1-GN-13-001269 | MEDSTAR FUNDING V GRAY II |
| D-1-GN-13-001271 | AMARO V SATTERWHITE |
| D-1-GN-13-001274 | AMERICAN EXPRESS VS GIBSON |
| D-1-GN-13-001298 | AMER EXPRESS VS CROSS |
| D-1-GN-13-001303 | MEDSTAR FUNDING V AAA TEXAS |
| D-1-GN-13-001305 | RICHIE AND GUERINGER VS BIOTAB |
| D-1-GN-13-001309 | JPMORGAN CHASE V DINKINS |
| D-1-GN-13-001312 | JPMORGAN CHASE BANK VS RUIZ |
| D-1-GN-13-001321 | IN RE: ROBERT D. KIZER |
| D-1-GN-13-001392 | PRODEL VS CITY OF ROLLINGWOOD |
| D-1-GN-13-001429 | HOLT V. NOBU MALIBU LLC |
| D-1-GN-13-001430 | BLUE CROSS VS POMONA VALLEY |
| D-1-GN-13-001432 | WALKER VS GALLARDO |
| D-1-GN-13-001466 | NATIONSTAR VS OJEDA ET AL |
| D-1-GN-13-001469 | PNC BANK VS GLORIA PINALES |
| D-1-GN-13-001478 | AMERICAN EXPRESS V BOYD |
| D-1-GN-13-001481 | WILLIAMS V WILLIAMS |
| D-1-GN-13-001485 | ROGERS V. T.H.H.S.C. |
| D-1-GN-13-001494 | MEDSTAR FUNDING V SALAS |
| D-1-GN-13-001497 | DEUTSCHE BANK V SLADE |
| D-1-GN-13-001502 | AMERICAN EXPRESS VS LLOYD |

# ORDER OF DISMISSAL
## FROM THE DISTRICT COURTS OF TRAVIS COUNTY, TEXAS

| | |
|---|---|
| D-1-GN-13-001504 | CROSS CHECK INC VS WOODS |
| D-1-GN-13-001508 | AMERICAN V CSF PROPERTIES |
| D-1-GN-13-001539 | CALDERONE VS ADVANCED BUSINESS |
| D-1-GN-13-001543 | GTFCU VS ELLIS AND HOLDITCH IN |
| D-1-GN-13-001545 | BUSINESS WINGS V MACH ONE |
| D-1-GN-13-001552 | FLORES V. TEXAS MEDICAL BOARD |
| D-1-GN-13-001570 | DELLFINANCIAL V SYSTEM SUPPORT |
| D-1-GN-13-001572 | DANBURG VS FARMERS INSURANCE |
| D-1-GN-13-001584 | AMERICAN EXPRESS V SMITH |
| D-1-GN-13-001588 | HELIOVOLT CORP V TECPORT OPTIC |
| D-1-GN-13-001596 | TEXAS WINDSTORM V GREG ABBOTT |
| D-1-GN-13-001611 | HIPP VS CATARINA ET AL |
| D-1-GN-13-001626 | FLORES V TEXAS MEDICAL BOARD |
| D-1-GN-13-001635 | DAVIS V LAKE AUSTIN RIVER BOAT |
| D-1-GN-13-001638 | DODGE V CHARALAMBIDES |
| D-1-GN-13-001658 | MENTOR WORLDWIDE V SIENTRA INC |
| D-1-GN-13-001662 | GOVERNMENT V. SEUCEDO |
| D-1-GN-13-001677 | AAA TEXAS V AGUILAR |
| D-1-GN-13-001681 | WIEGAN VS DISCOVER BANK |
| D-1-GN-13-001682 | WIEGAND VS HSBC BANK |
| D-1-GN-13-001686 | GARCIA V. SETON HEALTHCARE |
| D-1-GN-13-001689 | WALKER ET AL VS WESTBROOK ET A |
| D-1-GN-13-001690 | SHADOWGLEN VS SHACKLES |
| D-1-GN-13-001695 | ARCE V TAVIRA |
| D-1-GN-13-001707 | PAUL V MELVIN VS BATTAGLIA |
| D-1-GN-13-001709 | HARTFORD FIRE VS BOSHEARS |
| D-1-GN-13-001716 | SMITH V. ALLSTATE INSURANCE |
| D-1-GN-13-001717 | AMERICAN EXPRESS V RUSHEFSKY |
| D-1-GN-13-001721 | SCHMUNK VS. TX DEPT LICENSING |
| D-1-GN-13-001733 | BUTLER VS BUTLER |
| D-1-GN-13-001745 | VALERIE TITUS VS GANRER SERV |
| D-1-GN-13-001755 | NATIONSTAR V. PRIESTLEY |
| D-1-GN-13-001778 | ALEXNANDRA GARCIA VS SCHARFF |
| D-1-GN-13-001803 | IN RE GUARDIANSHIP OF MARY OLI |
| D-1-GN-13-001819 | HUDSON VS SPECTRA PHYSICS |
| D-1-GN-13-001831 | AMERICAN EXPRESS VS TRUDEAU |
| D-1-GN-13-001834 | AMERICAN EXPRESS VS CAGI |
| D-1-GN-13-001874 | GRISEBAUM V. PINNELLI |
| D-1-GN-13-001878 | PARAGON FUND VS GREAT LAKES |
| D-1-GN-13-001886 | GOVERNMENT EMPLOYEE V THOMPSON |
| D-1-GN-13-001887 | GOVERNMENT EMPLOYEE V MARTINEZ |
| D-1-GN-13-001889 | PROGRESSIVE V GUTIRREZ |
| D-1-GN-13-001891 | PROGRESSIVE V UGARTE |
| D-1-GN-13-001892 | SIXTH RIVER V. PADRON |
| D-1-GN-13-001905 | ARRIAZA-RUIZ VS HERNANDEZ |
| D-1-GN-13-001917 | ULMAN VS GARCIA |
| D-1-GN-13-001929 | WELLS FARGO BANK V DELGADO |
| D-1-GN-13-001931 | TRAMPUSH VS HUNTINGTON BEER |
| D-1-GN-13-001934 | OLD REPUBLIC V XINYI GLASS |
| D-1-GN-13-001944 | GEORGE V STATE OF TEXAS |
| D-1-GN-13-001953 | IN THE MATTER OF KIRK V. FIRST |
| D-1-GN-13-001957 | HUNTER VS COMMISSIONER OF INSU |
| D-1-GN-13-001962 | MADISON VS CASA W LLC |
| D-1-GN-13-001980 | ALDRIDGE V. RAINEY |
| D-1-GN-13-001986 | BOOTH VS WEATHERTON |
| D-1-GN-13-002009 | DELL MARKETING VS THE OCKERS |
| D-1-GN-13-002010 | SERRING VS DURAN, ET AL |

# ORDER OF DISMISSAL
## FROM THE DISTRICT COURTS OF TRAVIS COUNTY, TEXAS

| | |
|---|---|
| D-1-GN-13-002036 | WELLS FARGO BANK V COMPASS BAN |
| D-1-GN-13-002037 | MITCHELL VS PENN |
| D-1-GN-13-002041 | GOVERNMENT EMPLOYEES V TOBIAS |
| D-1-GN-13-002059 | COOKE VS CHARTER OAK |
| D-1-GN-13-002073 | JNJ 5905 ESA VS GARY KUHNEL |
| D-1-GN-13-002074 | PROGRESSIVE VS ADELE SHORT |
| D-1-GN-13-002075 | BEAR STEARNS V EMC MORTGAGE |
| D-1-GN-13-002096 | IN RE: JORDAN BERRY |
| D-1-GN-13-002107 | DISCOVER BANK V HARRISON |
| D-1-GN-13-002117 | CEMEX VS MAZOUREK |
| D-1-GN-13-002118 | CEMEX CONSTRUCTION VS MAZOUREK |
| D-1-GN-13-002122 | CONSTRUCT CPTL V. RECONSTRUCT |
| D-1-GN-13-002133 | AUSTIN CEDAR & REDWOOD V. WC 6 |
| D-1-GN-13-002138 | DISTRIBUTOR V MULWANI LLC |
| D-1-GN-13-002140 | APPLIED VS LAMINACK |
| D-1-GN-13-002142 | PARVIN V. DE LA CRUZ |
| D-1-GN-13-002148 | IN RE RALPH A. NOELKE SPECIAL |
| D-1-GN-13-002154 | HARRIS BRANCH RES V GILBERT |
| D-1-GN-13-002161 | HARRIS BRANCH RES V ESQUIVEL |
| D-1-GN-13-002162 | NATIONSTAR VS KISHA R WILLIAMS |
| D-1-GN-13-002165 | IN RE:CAPITOL APPRAISAL GROUP |
| D-1-GN-13-002166 | HARRIS BRANCH RES V LANGLOIS |
| D-1-GN-13-002181 | SB BISHOP'S SERVICE V STEPAN |
| D-1-GV-13-000098 | ECTOR COUNTY VS PMS, ET AL |
| D-1-GV-13-000265 | STATE OF TEXAS V WENDY THOMAS |
| D-1-GV-13-000341 | BRUCE ELFANT VS RUN TEXAS |
| D-1-GV-13-000398 | STATE OF TEXAS VS DINA URIBE |

On the 1st day of August, 2014, the matter of dismissal for want of prosecution came on for consideration by the Court in the above-styled and numbered causes; and it appearing to the Court that these causes of action have been pending in the District Courts of Travis County, Texas, for a period of time in excess of the standards set forth in Rule 6 of the Texas Rules of Judicial Administration and the Local Rules of Civil Procedure for the Travis County District Courts; that the notice of the Court's intention to dismiss these causes for want of prosecution was sent to all parties and attorneys of record whose addresses are in the files of the District Clerk of Travis County, Texas; and that said causes should be dismissed for want of prosecution.

It is therefore ORDERED, ADJUDGED and DECREED that the above-styled and numbered causes be, and are hereby DISMISSED for want of prosecution.

Signed this 25th day of August, 2014

_____
District Judge Presiding

# APPENDIX B



# Amalia Rodriguez–Mendoza

District Clerk, Travis County
Travis County Courthouse Complex
P. O. Box 679003
Austin, Texas 78767

July 12, 2013

Chase Carmen Hunter

P. O. Box 9075

Fredericksburg, VA 22403

Re: Cause No. D-1-GN-13-001957; Chase Carmen Hunter v. Eleanor Kitzman, In Her Official Capacity as Commissioner of Insurance, et al; In the 250th Judicial District Court, Travis County, Texas

Dear Ms. Hunter:

We have received and filed your Original Petition. In order to assist you to the extent we legally may, please submit the following:

✓  copies of the petition for each party that will be attached to the citation

✓  name and address information for each party you wish to have served with citation *(issuance request form provided)*

---

| Administrative Offices | Civil and Family Division | Criminal Division | Jury Office |
|---|---|---|---|
| (512) 854-9737 | (512) 854-9457 | (512) 854-9420 | (512) 854-4295 |
| Fax: 854-4744 | Fax: 854-6610 | Fax: 854-4566 | Fax: 854-4457 |

# ISSUE REQUEST FORM

Cause # _____ Style _____ vs _____

ISSUE TO: _____ Registered Agent (if applicable):

_____

Service Address: _____
                   Street/P.O. Box          City, State      Zip Code

**PLEASE SPECIFY ONE OF THE FOLLOWING FOR THE COMPLETED ISSUANCE PAPERS:**
Forward to Constable: _____       Hold for pick-up by _____

Mail to: _____
          Name                    Address

---

ISSUE TO: _____ Registered Agent (if applicable):

_____

Service Address: _____
                   Street/P.O. Box          City, State      Zip Code

**PLEASE SPECIFY ONE OF THE FOLLOWING FOR THE COMPLETED ISSUANCE PAPERS:**
Forward to Constable: _____       Hold for pick-up by _____

Mail to: _____
          Name                    Address

---

ISSUE TO: _____ Registered Agent (if applicable):

_____

Service Address: _____
                   Street/P.O. Box          City, State      Zip Code

**PLEASE SPECIFY ONE OF THE FOLLOWING FOR THE COMPLETED ISSUANCE PAPERS:**
Forward to Constable: _____       Hold for pick-up by _____

Mail to: _____
          Name                    Address

---

ISSUE TO: _____ Registered Agent (if applicable):

_____

Service Address: _____
                   Street/P.O. Box          City, State      Zip Code

**PLEASE SPECIFY ONE OF THE FOLLOWING FOR THE COMPLETED ISSUANCE PAPERS:**
Forward to Constable: _____       Hold for pick-up by _____

Mail to: _____
          Name                    Address

# APPENDIX C

# NOTICE OF COURT SETTING

IN THE DISTRICT COURTS OF TRAVIS COUNTY, TEXAS

FOR CAUSE NO. D-1-GN-13-001957

HUNTER CHASE CARMEN

VS.

KITZMAN ELEANOR

THE ABOVE CAUSE WILL BE DISMISSED FOR WANT OF PROSECUTION ON THE COURT'S MOTION ON THE 1st day of August, 2014 AT 1:45 PM IN SAID COURT, UNLESS A MOTION TO RETAIN IS FILED PRIOR TO THAT DATE.

PLEASE READ THE TRAVIS COUNTY LOCAL RULES CHAPTER 8 -- PROCEDURES FOR DISMISSAL FOR WANT OF PROSECUTION

AMALIA RODRIGUEZ-MENDOZA
DISTRICT CLERK
TRAVIS COUNTY, TEXAS

DATED: 6/24/2014

# APPENDIX D

Vernon's Texas Rules Annotated
  Texas Rules of Appellate Procedure
    Section Two. Appeals from Trial Court Judgments and Orders (Refs & Annos)
      Rule 38. Requisites of Briefs (Refs & Annos)

TX Rules App.Proc., Rule 38.1

38.1. Appellant's Brief

Currentness

The appellant's brief must, under appropriate headings and in the order here indicated, contain the following:

(a) *Identity of Parties and Counsel.* The brief must give a complete list of all parties to the trial court's judgment or order appealed from, and the names and addresses of all trial and appellate counsel, except as otherwise provided in Rule 9.8.

(b) *Table of Contents.* The brief must have a table of contents with references to the pages of the brief. The table of contents must indicate the subject matter of each issue or point, or group of issues or points.

(c) *Index of Authorities.* The brief must have an index of authorities arranged alphabetically and indicating the pages of the brief where the authorities are cited.

(d) *Statement of the Case.* The brief must state concisely the nature of the case (e.g., whether it is a suit for damages, on a note, or involving a murder prosecution), the course of proceedings, and the trial court's disposition of the case. The statement should be supported by record references, should seldom exceed one-half page, and should not discuss the facts.

(e) *Any Statement Regarding Oral Argument.* The brief may include a statement explaining why oral argument should or should not be permitted. Any such statement must not exceed one page and should address how the court's decisional process would, or would not, be aided by oral argument. As required by Rule 39.7, any party requesting oral argument must note that request on the front cover of the party's brief.

(f) *Issues Presented*. The brief must state concisely all issues or points presented for review. The statement of an issue or point will be treated as covering every subsidiary question that is fairly included.

(g) *Statement of Facts*. The brief must state concisely and without argument the facts pertinent to the issues or points presented. In a civil case, the court will accept as true the facts stated unless another party contradicts them. The statement

must be supported by record references.

(h) *Summary of the Argument*. The brief must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief. This summary must not merely repeat the issues or points presented for review.

(i) *Argument*. The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.

(j) *Prayer*. The brief must contain a short conclusion that clearly states the nature of the relief sought.

(k) *Appendix in Civil Cases*.

(1) Necessary Contents. Unless voluminous or impracticable, the appendix must contain a copy of:

(A) the trial court's judgment or other appealable order from which relief is sought;

(B) the jury charge and verdict, if any, or the trial court's findings of fact and conclusions of law, if any; and

(C) the text of any rule, regulation, ordinance, statute, constitutional provision, or other law (excluding case law) on which the argument is based, and the text of any contract or other document that is central to the argument.

(2) Optional Contents. The appendix may contain any other item pertinent to the issues or points presented for review, including copies or excerpts of relevant court opinions, laws, documents on which the suit was based, pleadings, excerpts from the reporter's record, and similar material. Items should not be included in the appendix to attempt to avoid the page limits for the brief.

**Credits**

Eff. Sept. 1, 1997. Amended by Supreme Court March 10, 2008, and Aug. 20, 2008, eff. Sept. 1, 2008. Approved by Court of Criminal Appeals Sept. 30, 2008, eff. Sept. 30, 2008.

Notes of Decisions (906)

Rules App. Proc., Rule 38.1, TX R APP Rule 38.1
Current with amendments received through August 15, 2014

**End of Document**                                                   © 2015 Thomson Reuters. No claim to original U.S. Government Works.

# APPENDIX E

| Vernon's Texas Rules Annotated |
|---|
| Texas Rules of Civil Procedure |
| Part II. Rules of Practice in District and County Courts |
| Section 7. Abatement and Discontinuance of Suit |

TX Rules of Civil Procedure, Rule 165a

Rule 165a. Dismissal for Want of Prosecution

Currentness

**1. Failure to Appear.** A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice. Notice of the court's intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to each attorney of record, and to each party not represented by an attorney and whose address is shown on the docket or in the papers on file, by posting same in the United States Postal Service. At the dismissal hearing, the court shall dismiss for want of prosecution unless there is good cause for the case to be maintained on the docket. If the court determines to maintain the case on the docket, it shall render a pretrial order assigning a trial date for the case and setting deadlines for the joining of new parties, all discovery, filing of all pleadings, the making of a response or supplemental responses to discovery and other pretrial matters. The case may be continued thereafter only for valid and compelling reasons specifically determined by court order. Notice of the signing of the order of dismissal shall be given as provided in Rule 306a. Failure to mail notices as required by this rule shall not affect any of the periods mentioned in Rule 306a except as provided in that rule.

**2. Non-Compliance With Time Standards.** Any case not disposed of within time standards promulgated by the Supreme Court under its Administrative Rules may be placed on a dismissal docket.

**3. Reinstatement.** A motion to reinstate shall set forth the grounds therefor and be verified by the movant or his attorney. It shall be filed with the clerk within 30 days after the order of dismissal is signed or within the period provided by Rule 306a. A copy of the motion to reinstate shall be served on each attorney of record and each party not represented by an attorney whose address is shown on the docket or in the papers on file. The clerk shall deliver a copy of the motion to the judge, who shall set a hearing on the motion as soon as practicable. The court shall notify all parties or their attorneys of record of the date, time and place of the hearing.

The court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.

In the event for any reason a motion for reinstatement is not decided by signed written order within seventy-five days after the judgment is signed, or, within such other time as may be allowed by Rule 306a, the motion shall be deemed overruled by operation of law. If a motion to reinstate is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to reinstate the case until 30 days after all such timely filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first.

**4. Cumulative Remedies.** This dismissal and reinstatement procedure shall be cumulative of the rules and laws governing any other procedures available to the parties in such cases. The same reinstatement procedures and timetable are applicable to all dismissals for want of prosecution including cases which are dismissed pursuant to the court's inherent power, whether or not a motion to dismiss has been filed.

**Credits**

Oct. 3, 1972, eff. Feb. 1, 1973. Amended by order of July 22, 1975, eff. Jan. 1, 1976; Dec. 5, 1983; July 15, 1987, eff. Jan. 1, 1988.

Notes of Decisions (701)

Vernon's Ann. Texas Rules Civ. Proc., Rule 165a, TX R RCP Rule 165a
Current with amendments received through August 15, 2014

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

WestlawNext® © 2015 Thomson Reuters. No claim to original U.S. Government Works. 2

# APPENDIX F

Vernon's Texas Statutes and Codes Annotated
  Civil Practice and Remedies Code (Refs & Annos)
    Title 2. Trial, Judgment, and Appeal
      Subtitle A. General Provisions
        Chapter 13. Affidavit of Inability to Pay Costs

V.T.C.A., Civil Practice & Remedies Code § 13.001

§ 13.001. Dismissal of Action

Currentness

(a) A court in which an affidavit of inability to pay under Rule 145, Texas Rules of Civil Procedure, has been filed may dismiss the action on a finding that:

(1) the allegation of poverty in the affidavit is false; or

(2) the action is frivolous or malicious.

(b) In determining whether an action is frivolous or malicious, the court may consider whether:

(1) the action's realistic chance of ultimate success is slight;

(2) the claim has no arguable basis in law or in fact; or

(3) it is clear that the party cannot prove a set of facts in support of the claim.

(c) An action may be dismissed under Subsection (a) as frivolous or malicious either before or after service of process.

**Credits**

Added by Acts 1987, 70th Leg., ch. 976, § 1, eff. June 19, 1987.

Notes of Decisions (113)

V. T. C. A., Civil Practice & Remedies Code § 13.001, TX CIV PRAC & REM § 13.001
Current through the end of the 2013 Third Called Session of the 83rd Legislature

**End of Document**                    © 2015 Thomson Reuters. No claim to original U.S. Government Works.

# APPENDIX G

Vernon's Texas Rules Annotated
  Texas Rules of Appellate Procedure
    Section Two. Appeals from Trial Court Judgments and Orders (Refs & Annos)
      Rule 44. Reversible Error (Refs & Annos)

TX Rules App.Proc., Rule 44.1

44.1. Reversible Error in Civil Cases

Currentness

(a) *Standard for Reversible Error.* No judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of:

(1) probably caused the rendition of an improper judgment; or

(2) probably prevented the appellant from properly presenting the case to the court of appeals.

(b) *Error Affecting Only Part of Case.* If the error affects part of, but not all, the matter in controversy and that part is separable without unfairness to the parties, the judgment must be reversed and a new trial ordered only as to the part affected by the error. The court may not order a separate trial solely on unliquidated damages if liability is contested.

**Credits**
Eff. Sept. 1, 1997.

Notes of Decisions (855)

Rules App. Proc., Rule 44.1, TX R APP Rule 44.1
Current with amendments received through August 15, 2014

**End of Document**  © 2015 Thomson Reuters. No claim to original U.S. Government Works.